UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DARR WILLIAMS,                                    05 CV 5219 (ARR)

            Petitioner,                NOT FOR
    -against-                                PUBLICATION

JOSEPH T. SMITH, Superintendent of                MEMORANDUM
Shawangunk Correctional Facility,                 AND ORDER

           Respondent.
------------------------------------------------------------X

ROSS, United States District Judge:

By petition dated October 20, 2005, the *pro se* petitioner DARR WILLIAMS, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court orders petitioner to show cause within 30 days of the entry of this order why the court should not dismiss the petition as time-barred.

Background

On August 12, 1992, petitioner was convicted upon a jury verdict of murder in the second degree (depraved indifference) and criminal possession of a weapon in the second degree in New York Supreme Court, Queens County. See Petition at 1-2. Petitioner was sentenced to 40 years to life imprisonment. Id. The Appellate Division affirmed the conviction on July 31, 1995, People v. Williams, 217 A.D.2d 713, 630 N.Y.S.2d 91 (2d Dep't 1995), and the New York Court of Appeals denied leave to appeal on March 28, 1996. People v. Williams, 87 N.Y.2d 1026 (1996).

1

<u>Discussion</u>

With the passage of AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D); <u>see also</u> <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997). Under subsection (A),[1] the instant petition appears untimely. Direct review concluded on or about June 26, 1996, upon expiration of the 90-day period for seeking a writ of certiorari. <u>Williams v. Artuz</u>, 237 F.3d 147, 150-51 (2d Cir. 2001). Thus, the instant petition should have been filed within one year, <u>i.e.</u>, on or before June 26, 1997. According to petitioner, he delivered the instant petition to prison authorities for mailing to the district court on October 20, 2005. Since the petition was filed more than one year after the limitations period expired, it is barred by the limitation period set forth in 28 U.S.C. § 2244(d), unless tolling is applicable.

---

[1] Petitioner does not state any facts to conclude that subsections (B)-(C) are applicable.

<u>Tolling</u>

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). According to petitioner, he filed a post-conviction motion under N.Y. Crim. Proc. Law § 440.10 ("440 motion") to vacate the judgment on September 13, 2004, which was denied on March 9, 2005. The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation period. <u>Smith v. McGinnis</u>, 208 F.3d 13, 16 (2d Cir. 2000) (<u>per curiam</u>). Here, petitioner's § 440 motion does not toll the limitation period under § 2244(d)(2) because it was filed outside of the limitation period.

Petitioner argues that the limitation period should not bar the instant petition because his attorney misinformed him about the length of his sentence. <u>See</u> Petition at ¶ 14. The limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," <u>Id.</u> at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." <u>Id.</u> As currently presented, the court sees no basis for applying equitable tolling. Despite petitioner's argument that he learned of the purported misinformation from an inmate law clerk in February 2004, petitioner does not provide facts to show that extraordinary circumstances prevented him from filing the instant petition on time and that he acted with reasonable diligence.

<u>Conclusion</u>

The court hereby directs petitioner to show cause by written affirmation, within 30 days from entry of this order, why the court should not dismiss his petition as time-barred by the AEDPA's one year statute of limitations. <u>Acosta v. Artuz</u>, 221 F.3d 117, 124 (2d Cir. 2000).

3

No answer shall be required at this time and all further proceedings shall be stayed for 30 days or until the petitioner has complied with this order. If petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated:   Brooklyn, New York
         November 16 , 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————————X

DARR WILLIAMS,

                    Petitioner,

    -against-

JOSEPH T. SMITH, Superintendent of
Shawangunk Correctional Facility,

                    Respondent.

———————————————————————————X

**PETITIONER'S
AFFIRMATION**

**05-CV-5219 (ARR)**

        DARR WILLIAMS, appearing *pro se*, makes the following affirmation under the penalties

of perjury:    I am the petitioner in this action and I respectfully submit this affirmation in response

to the Court's order dated _____. The instant petition should not be time-barred by the

one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature & Identification Number

_____
Address

_____

_____
City, State & Zip Code