UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DARR WILLIAMS,

                Petitioner,

-against-

JOSEPH T. SMITH, Superintendent of
Shawangunk Correctional Facility,

                Respondent.
-----------------------------------------------------------X

05 CV 5219 (ARR)

NOT FOR PUBLICATION

MEMORANDUM AND ORDER

ROSS, United States District Judge:

By order dated November 16, 2005, the court directed *pro se* petitioner DARR WILLIAMS to show cause why the petition for habeas corpus relief should not be dismissed as time-barred under the one year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). As set forth below, petitioner's affirmation fails to demonstrate that the petition is timely or that he is entitled to equitable tolling.

Background

On August 12, 1992, petitioner was convicted upon a jury verdict of murder in the second degree (depraved indifference) and criminal possession of a weapon in the second degree in New York Supreme Court, Queens County. See Petition at 1-2. Petitioner was sentenced to 40 years to life imprisonment. Id. The Appellate Division affirmed the conviction on July 31, 1995, People v. Williams, 217 A.D.2d 713, 630 N.Y.S.2d 91 (2d Dep't 1995), and the New York Court of Appeals denied leave to appeal on March 28, 1996. People v. Williams, 87 N.Y.2d 1026 (1996). Direct review concluded on or about June 26, 1996, upon expiration of the 90-day period for seeking a writ of certiorari. Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). The petition was filed with the court on October 20, 2005, more than one year after the conviction became final.

Discussion

Petitioner argues that subsection (D), the so-called "newly discovered evidence" provision of the AEDPA which provides that the one year period shall run "from the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence," applies in that he did not become aware of the factual predicate of his claim until February 2004. See Petitioner's Affirmation at 3. The remainder of the affirmation repeats petitioner's argument that his attorney misinformed him as to his sentence exposure.

At the outset, the court finds that the sentencing information provided to him by the inmate law clerk is not newly discovered evidence; rather, it is a sentencing argument offered by a non-lawyer, a determination petitioner admits was within the discretion of the state court. See Petitioner's Affirmation at ¶ 10. Thus, petitioner cannot avail himself of § 2244(d)(1)(D) to establish the timeliness of the instant petition.

Petitioner further argues that his "trial attorney's gross incompetence created the type of extraordinary circumstance that should toll the limitation period." Petitioner's Affirmation at ¶ 2. The limitations period may be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000), and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id. Petitioner cites to Baldayaque v. United States, 338 F.3d 145 (2d Cir. 2003) for the proposition that "in some cases an attorney's behavior may be so outrageous or so incompetent as to constitute extraordinary circumstances that can toll the statute of limitations for filing a habeas corpus petition." Petitioner's Affirmation at ¶19. Assuming *arguendo* that the trial attorney was mistaken as to petitioner's sentence, this error does not rise to the egregious level of conduct necessary for equitable tolling to apply.

This circuit, along with others, has found attorney error inadequate to create the "extraordinary" circumstances equitable tolling requires. Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir.2001) (citing decisions of the Third, Seventh, and Eleventh Circuits); see also Baldayaque, 338 F.3d at 152 ("[A]ttorney error normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period "). The court finds that the conduct attributed to petitioner's trial attorney does not rise to the egregious level of conduct required for Baldayaque to apply. Moreover, even if the court were to conclude that the purported attorney error did rise the level of an extraordinary circumstance, petitioner has not shown that he acted with reasonable diligence. Smith, 208 F.3d at 17.

Conclusion

Accordingly, the petition for a writ of habeas corpus is dismissed as time-barred under 28 U.S.C. § 2244(d). As this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The court certifies that pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
January 20 2006